UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SCOTT LONG** | : | **DOCKET NO. 2:15-cv-02424** |
| **VERSUS** | : | |
| **C.M. LONG, INC.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion to Compel [doc. 16] filed by Scott Long ("plaintiff"). He also seeks attorney's fees and costs incurred in bringing this Motion. *Id*. Defendant C.M. Long, Inc. ("C.M. Long") has filed a response in opposition. Doc. 20. For the following reasons, plaintiff's Motion to Compel is **GRANTED IN PART** and **DENIED IN PART.** The Motion for Costs and Attorney's Fees is **DENIED.**

### I.
#### BACKGROUND

Plaintiff worked for C.M. Long, the construction business owned by his family, from 2002 until 2015. Doc. 1, att. 2, p. 3. In 2015, he quit and filed suit under the Federal Labor Standards Act for unpaid overtime wages, liquidated damages, and attorney's fees. Doc. 1, att. 2. Plaintiff's counsel propounded discovery on January 21, 2016. Doc. 16, att. 4. C.M. Long responded a week later; however, plaintiff argues that those responses were inadequate. Doc. 16, att. 4, p. 23. Plaintiff requested by letter that C.M. Long file more complete responses but, after receiving no further information, he filed this motion to compel on April 15, 2016. In its opposition to the motion to compel, C.M. Long attached supplemental answers to interrogatories and responses to requests for production. Doc. 20, att. 1.

# II.
## ANALYSIS

Plaintiff's motion to compel seeks complete responses from C.M. Long regarding the identity and expected testimony of its witnesses. He also argues that C.M. Long should be compelled to produce records for his full employment tenure, as well as additional documents including "emails, employment conditions, employment practices, FLSA posters, personnel files, or accounting backup," [doc. 16, att. 3, p. 17] and "documents and communications relative to Cedric Long's[1] health dated on or after January 1, 2010." Doc. 16, att. 3, p. 23. We will discuss each of these contentions in turn, then look to plaintiff's request for attorney's fees incurred in bringing this motion.

### A. *Interrogatory Nos. 2-4*

Plaintiff sought the identification of all C.M. Long's anticipated lay witnesses and experts as well as the "general narrative summary" of the witnesses' testimony. Doc. 16, att. 3, pp. 13-14. While C.M. Long's initial response provided only the names of the witnesses, its supplemental answer provides additional information about the testimony each of the thirty-one witnesses is expected to give. Doc. 20, att. 1, pp. 1–10. Plaintiff accepted the supplemental response for Witness Nos. 1-9, 23-24, and 30-31, but maintains that the supplemental response is insufficient for the remaining witnesses. Doc. 22, p. 2.

Under Rule 26(a)(1), a party must provide to the other parties "the name and if known, the address or telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." These disclosures should "accelerate

---

[1] Cedric Long, age 89, is plaintiff's grandfather. Doc. 16, att. 3, p. 6. He is a founder and the controlling shareholder of C.M. Long, Inc. *Id.* He was diagnosed with dementia in or around 2009. Doc. 16, att. 3, p. 7.

the exchange of basic information" and "help focus the discovery that is needed, and facilitate preparation for trial or settlement." Advisory Committee Notes to 1993 Amendments to FED. R. CIV. P. 26(a)(1)(A). Under 26(e), the parties must supplement these disclosures when necessary. The basic purpose of the supplementation is to prevent surprise and prejudice. *Reed v. Iowa Marine and Repair Co.*, 16 F.3d 82, 85 (5th Cir. 1994).

The supplemented response at issue states that Witness No. 29 "will testify about discussions with Cedric M. Long and his family members regarding C.M. Long, Inc." Doc. 20, att. 1, p. 9. While the response may be somewhat vague, we find that it is sufficient at this point in the litigation to satisfy plaintiff's request for a "general narrative summary" of the witness's testimony. Plaintiff can acquire the substance of these discussions through other discovery devices including the taking of depositions. This description is therefore sufficient.

The supplemented response also identifies nine of the thirty-one witnesses (Nos. 13, 17, 18, 19, 20, 21, 22, 23, and 24) as "a representative of" a certain company. Doc. 20, att. 1, p. 7-8. While these descriptions do not comply with 26(a)(1), which requires a party provide the name of the individual(s) with discoverable information, we find this information is sufficient at this point in the litigation to satisfy plaintiff's request. We do, however, remind defendant of its obligation to continuously supplement its answers as further information becomes available. Accordingly, at this time, these descriptions are also sufficient.

C.M. Long also provides that the testimony of Witness Nos. 10, 11, 12, 27, and 28 "may include observations respecting Bruce Long, Bill Long, and Scott Long, including but not limited to their work for C.M. Long, Inc., projects they worked together, conversations they had, salary and bonuses of employees at C.M. Long, Inc." Doc. 20, att. 1, pp. 6-7, 9. Nearly the same response, except the "salary and bonuses" clause, is used to describe Witness No. 14. *Id.* at p. 7.

Again, we find that these responses are sufficient at this point in the litigation to satisfy plaintiff's request for a "general narrative summary" of the witness's testimony. Plaintiff can acquire the substance of these discussions through other discovery devices including the taking of depositions. We find these supplemented descriptions are sufficient.

The remaining disputed supplemented descriptions, (Nos. 15, 16, 25, and 26) comply with Rule 26. Those answers each give the subject of the information the witness is expected to provide and the description is narrow enough to focus the discovery and facilitate preparation for trial as the rule intends.

### B. Interrogatory Nos. 8-11

Plaintiff sought information and records about the total number of hours he worked during his employment, his hourly rate and total wages, as well as the dates of his overtime work, the type of work performed, and the dates he was paid for that work. Doc. 16, att. 3, p. 14-16. C.M. Long objected to these requests, arguing that without stating a time period, this information was irrelevant [doc. 16, att. 3, p. 15] but did produce gross payroll records, yearly payroll records, and income summaries and timecard reports for plaintiff between 2012 and 2015. Doc. 20, atts. 4-12.

Plaintiff contends that he sought records from his entire period of employment, therefore this response was insufficient. Doc. 16, att. 3, p. 17. He argues that for the first 6 years of his employment, he was paid overtime, and those payments stopped even though the nature of his employment did not substantially change. Doc. 22, p. 3. Therefore, he argues that he is entitled to know what changed and why. Doc. 22, p. 4. He contends that wage and hour records for the period between 2012 and 2015, wherein he was not paid overtime, do not provide that information. *Id.*

Plaintiff bases his claim to this information on the record-keeping requirements of 29 U.S.C. § 211(c) and 29 C.F.R. § 516.2. Doc. 16, att. 3, pp. 10-11. He argues that under these laws, C.M. Long "has no legal excuse not to provide employment records." *Id.* at p. 11.

Under 29 C.F.R. § 516.2, employers must keep payroll or other records containing the time and day that the employee's workweek begins; the regular hourly pay rate for any work week when overtime compensation is due; the hours worked each work day and week; and the total daily or weekly earnings or wages for hours during the work day or week. They must also keep records of the total pay for overtime hours, total wages paid during each pay period, and the dates of those payments and the pay periods covered by them. Under 29 C.F. R. § 516.6(a)(1) employers must preserve "basic employment and earning records" and "all basic time and earning cards or sheets" for a period of at least **2 years.** Payroll records must be kept for a period of **3 years.** 29 C.F. R. § 516.5. Therefore, we find that the records from 2012-2015 provided by C.M. Long do satisfy the statutory record keeping requirements.

C.M. Long, however, does not argue that it no longer has possession of these records. Instead, it argues that because 29 U.S.C. § 255 requires that an action commenced to recover unpaid overtime wages be brought within two years after the cause of action accrued, or within three years if the violation was willful, records beyond 2012 are irrelevant. Doc. 20, pp. 4–5.

Under Rule 26(b), parties may obtain discovery regarding any "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26. Rule 26(b)(1). In order to benefit from the longer statute of limitations, the plaintiff has the burden of proving willfulness by establishing that the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." *McLaughlin v. Richland*

*Shoe Co.*, 486 U.S. 128, 133 (1988)(relying on *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111(1985).

Plaintiff alleges C.M. Long paid him overtime pay for several years of his employment and then stopped. Payment information leading up to and following this change could be relevant to the plaintiff's claim of willfulness. Doc. 1, att. 2, p. 3, ¶ 8. Further, C.M. Long claims in its answer that any failure to make overtime payments was in good faith. Doc. 6, p. 2, ¶ 5.

Title 29 U.S.C. § 216(b) provides that an employer who violates the overtime requirements shall be liable to the employee in the amount of unpaid wages or overtime compensation, and in an additional equal amount as liquidated damages. However, the court has the discretion to reduce or eliminate liquidated damages when the employer shows that the failure to comply with the statute was in good faith. 29 U.S.C. § 260. Good faith may exist where the employer had a "reasonable grounds to believe that its actions complied with FLSA." *Black v. SettlePou, P.C.,* 732 F.3d 492, 501 (5th Cir. 2014) (citing *Singer v. City of Waco, Tex.,* 324 F.3d 813, 822 (5th Cir. 2003). If C.M. Long intends to argue a good faith defense, plaintiff is entitled to information that may rebut that defense under 26(b). The time records prior to 2012 fall into that category. To the extent that these records still exist, we grant the motion to compel.

### C. Interrogatory Nos. 20-22

Plaintiff sought identification of all witnesses and documents C.M. Long would rely on to support the allegations in its Affirmative Defenses, Answer, Reconventional Demand, and Request for Trial by Jury. Doc. 16, att. 3, p. 20. C.M. Long objected to this interrogatory, arguing that specific witnesses would not testify about specific laws, rather, the witnesses identified in discovery answers will testify about who performed what work, how pay was handled, how time was spent, etc., and their testimony will be used by counsel to explain how the law applies. Doc.

20, p. 6.  Plaintiff maintains that in its reconventional demand, C.M. Long alleged that it rejected plaintiff's request for overtime pay "after discussion and research of the law," therefore he is entitled to all documents relied upon to deny his overtime pay.  Doc. 22, p. 5.  While the issue of witness identification is discussed above, the issue of which documents C.M. Long must produce will be discussed in conjunction with Requests for Production Nos. 1 and 14.

### D. *Request for Production No. 1*

Plaintiff sought a list of documents C.M. Long intends to introduce at trial to support its answers, affirmative defenses, and counterclaims.  Doc. 16, att. 3, p. 22.  C.M. Long first objected to these requests, arguing (1) that this request seeks attorney's work product, (2) a decision regarding what documents might be used at trial has not been determined, and (3) at this time, only documents regarding plaintiff's federal claims are being made part of discovery.  *Id.*  Later, C.M. Long claimed to have provided all documentation it possesses and considers relevant, but offered to supplement its discovery response if it obtains more.  Doc. 20, p. 6.  Plaintiff maintains that based on C.M. Long's fact intensive affirmative defenses, answer, and non-compulsory counter claims, its response is inadequate for this request.  Doc. 22, p. 7.

Under Rule 34, a party may request another party to produce any designated documents or electronically stored information stored in any medium from which information can be obtained directly that is within the scope of Rule 26(b).  Since the documents sought by this request are those that will be introduced at trial, they are relevant to a party's claim or defense and therefore within the scope of 26(b).  The only documentation C.M. Long has provided to plaintiff is the payment records from 2012 to 2015.

Under 26(a)(1)(A)(ii), a party must provide to the other parties a copy "of all documents, electronically stored information, and tangible things that the disclosing party has in its possession,

custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(A)(ii). If C.M. Long intends to use documents other than the provided time and wage records to support any of the affirmative defenses or claims enumerated in its reply, plaintiff is entitled to those documents. C.M. Long should supplement its response as these documents become available.

### E. Request for Production No. 14

Plaintiff sought documents and communications relative to Cedric Long's health dated on or after January 1, 2010, as necessary to support his affirmative defense that Cedric Long did not have the capacity to authorize C.M. Long to file its counterclaim. Doc. 16, att. 3, p. 23. C.M. Long contends that it does not possess any of Cedric Long's medical records. Doc. 20, p. 6.

In a related state court proceeding, a HIPPA was provided to counsel authorizing the release of these records. C.M. Long provided the same authorization to plaintiff in this matter. Doc. 20, att. 1, p. 11. Plaintiff maintains that this response is inadequate, because the records given were limited to 2014, rather than 2010 as requested. Doc. 22, p. 7.

Under Rule 26, if C.M. Long has these documents in its possession, custody, or control, it must produce them as requested. To the extent that C.M. Long has these records, the motion to compel is granted.

### F. Attorney's Fees

Rule 37(a)(3)(B), provides that a party seeking discovery may move for an order compelling same. The motion may be made if a party fails to answer an interrogatory or fails to produce documents.

According to 37(a)(5)(A) if the motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, … to pay

the movant's reasonable expenses incurred in making the motion, including attorney's fees." The exceptions to this rule are if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified, or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A).

The second exception applies here. C.M. Long's objections to interrogatories were clearly stated and were grounded in reasonable interpretations of law and fact. Accordingly, C.M. Long's actions were substantially justified, and the motion for attorney's fees is denied.

### III.
### CONCLUSION

Based on the above reasons, plaintiff's motion to compel is GRANTED IN PART AND DENIED IN PART. His motion for attorney's fees is DENIED.

THUS DONE this 22nd day of June, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE