UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SCOTT LONG | : | DOCKET NO. 2:15-cv-02424 |
| VERSUS | : | MAGISTRATE JUDGE KAY |
| C.M. LONG, INC. | : | BY CONSENT |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss Counterclaim [doc. 26] and a Motion for Contempt and Sanctions [doc. 30] both filed by plaintiff Scott Long. Defendant C.M. Long, Inc. opposes both motions. For the following reasons, the Motion Dismiss Counterclaim is **GRANTED** in part and **DENIED** in part and the Motion for Contempt and Sanctions is **DENIED**.

### I.
#### BACKGROUND

Plaintiff's lawsuit against his former employer, C.M. Long, Inc., filed under the Fair Labor Standards Act and the Louisiana Wage Payment Act for unpaid overtime wages, was removed to this court on September 25, 2015. Doc. 1. C.M. Long, Inc. answered the complaint and asserted a counterclaim alleging first that, if the court finds that overtime pay is due, it is entitled to an offset of sums paid to plaintiff as bonuses and, second, that it is entitled to damages because plaintiff and other former employees conspired to misappropriate intellectual property belonging to C.M. Long, Inc. and start a competing business. Doc. 6.

A separate lawsuit captioned *C.M. Long, Inc. v. Bruce Long et al,* No. 2015-2652, is pending in the 14th Judicial District Court, Parish of Calcasieu. Doc. 36, att. 1. The allegations

in that proceeding are substantially the same as C.M. Long, Inc.'s second assertion in its counterclaim, i.e., it seeks damages from plaintiff and other family members for conspiring to take intellectual property and starting a competing business.

## II.
### ANALYSIS

### A. *Motion to Dismiss*

In support of his motion to dismiss the counterclaim plaintiff alleges that the court has no subject matter jurisdiction over the non-compulsory counterclaim and that the allegations in the counterclaim are the subject of a pending state court action.  Plaintiff argues that since the counterclaim is permissive rather than compulsory the court must have an independent basis for jurisdiction.  Since the parties are not diverse and the counterclaim raises no issue of federal law, plaintiff maintains that the claim must be dismissed.  Plaintiff also argues that this court should decline to exercise jurisdiction over the counterclaim since those same issues are pending in a previously filed state court lawsuit.

In response C.M. Long, Inc. concedes that it has raised the same issues in a state court proceeding but states that it asserted the counterclaim as a precaution.  It maintains that if the allegations in the counterclaim are compulsory, it could be precluded from pursuing them if not joined in this action.

In his reply brief plaintiff offers to stipulate that, if C.M. Long, Inc. dismisses his counterclaim without prejudice, 1) the dismissal would not be of a compulsory counterclaim; and 2) the dismissal would not constitute res judicata for purposes of the state court suit.  C.M. Long, Inc. has not responded to this offer.

After reviewing both lawsuits, the court agrees with plaintiff that it should dismiss the allegations in the counterclaim alleging that he conspired to misappropriate intellectual property

and start a competing business. These allegations are duplicative of those pending in state court and judicial efficiency dictates that the matter proceed to conclusion in state court. The court also notes that having plaintiff litigate the same issue in two separate forums is inefficient and inequitable.

However, with respect to C.M. Long, Inc.'s, allegations that it is entitled to an offset of sums paid to plaintiff as bonuses, we find that claim to be compulsory in that it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and it "does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13. Thus, we will deny the motion to dismiss as to these allegations.[1]

### B. *Motion for Contempt and Sanctions*

In his motion for contempt and sanctions plaintiff alleges that C.M. Long, Inc. failed to comply with this court's order compelling it to answer discovery.[2] He asks that C.M. Long, Inc. be held in contempt and that the court impose sanctions including costs, expenses, and attorney's fees associated with the motion to compel and the motion for contempt. As additional sanctions plaintiff prays that C.M. Long, Inc.'s affirmative defenses be stricken.

In response, C.M. Long, Inc. contends that it has been diligently working to produce the requested documents. It correctly points out that the court did not order that C.M. Long, Inc. produce the documents within a specific time period. C.M. Long, Inc. attaches to its opposition correspondence between counsel and representatives of the company which show that efforts are being made to comply with the order. Additionally, an affidavit of an employee of C.M. Long,

---

[1] Since we find the counterclaim to be compulsory we exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). *See State Nat. Ins. Co., Inc. v. Yates,* 391 F.3d 577 (5th Cir. 2004).

[2] On June 22, 2016 this court issued an order granting in part and denying in part plaintiff's motion to compel. Doc. 25.

-4-

Inc. along with photos of the voluminous files that must be searched confirms that the company is working to produce the requested documents.

We thus find that C.M. Long, Inc. is not in contempt of a court order and refuse to award sanctions at this time.

### III.
#### CONCLUSION

For the reasons stated above, plaintiff's Motion to Dismiss Counterclaim [doc. 26] is **GRANTED** in part **and DENIED IN PART**. His Motion for Contempt and Sanctions [doc. 30] is **DENIED**.

THUS DONE this 23 August 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE